EXHIBIT B

Electronically Filed
1/31/2020 3:27 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 010381
**KYLE R. TATUM, ESQ.**
Nevada Bar No.: 13264
**KANG & ASSOCIATES, PLLC**
6480 West Spring Mountain Road, Suite 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468

*Attorneys for Plaintiff*

CASE NO: A-20-809599-C
Department 18

### DISTRICT COURT
### CLARK COUNTY, NEVADA

NICOLE GREENE, an Individual;

                Plaintiff,

vs.

BENJAMIN WOOD, an Individual; and
FRONTIER AIRLINES, INC., a Foreign
Corporation; DOES 1 through 20, inclusive;
ROE CORPORATIONS, 1 through 20,
inclusive;

                Defendants.

Case No.:
Dept. No.:

**COMPLAINT**

**CAUSES OF ACTION**
**(1) Assault**
**(2) Battery**
**(3) Intentional Infliction of Mental and Emotional Distress**
**(4) Negligent Hiring and Supervision**

### COMPLAINT

    COMES NOW, Plaintiff, NICOLE GREENE, (hereinafter "Plaintiff"), by and through her attorneys of record, Patrick W. Kang, Esq. and Kyle R. Tatum, Esq., of the law firm of KANG & ASSOCIATES, PLLC, as and for her complaint against Defendants, and hereby complains, alleges and states as follows:

///
///
///
///
///
///

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

**KANG & ASSOCIATES, PLLC.**
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

**PARTIES**

1. NICOLE GREENE (hereinafter "Greene" or Plaintiff) was at all times relevant a resident of Clark County, Nevada.

2. BENJAMIN WOOD (hereinafter "Wood") upon information and belief is a resident of Philadelphia, Pennsylvania, however the conduct which gives rise to this litigation took place in Clark County, Nevada.

3. FRONTIER AIRLINES, INC. (hereinafter "Frontier") was at all times relevant a Foreign Corporation doing business in Clark County, Nevada.

4. The true names and capacities, whether individual, corporate, associate or otherwise of other defendants hereinafter designated as DOES 1-20, inclusive, who are in some manner responsible for injuries described herein, are unknown at this time. Plaintiff, therefore, sues said Defendants by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

5. The true names and capacities, whether individual, corporate, associate or otherwise of other defendants hereinafter designated as ROES 1-20, inclusive, who are in some manner responsible for injuries described herein, are unknown at this time. Plaintiff, therefore, sues said Defendants by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

6. Upon information and belief, at all times pertinent, Defendants were agents, servants, employees or joint ventures of every other Defendant herein, and at all time mentioned herein were acting within the scope and course of said agency, employment,

**VENUE AND JURISDICTION**

7. Venue is proper in Clark County, Nevada pursuant to NRS 13.040.

8. The exercise of jurisdiction by this Court over the Defendant in this civil action is proper

pursuant to NRS 14.065.

9. The liability, claims and allegations for which Plaintiff complains and for which Defendant is liable arise out of actions that took place in Clark County, Nevada. Specifically, the circumstances surrounding the assault and sexual harassment, which led to and caused the Plaintiff to sustain injury, occurred within the jurisdiction of Clark County, Nevada.

**GENERAL ALLEGATIONS**

10. On or around October of 2016, Nicole Greene (hereinafter "Ms. Greene") began her employment with Frontier Airlines, Inc. as a flight attendant.

11. In or around early February of 2018, Ms. Greene received a text message from Mr. Benjamin Wood, a pilot also working for Frontier Airlines, inviting her to dinner while he was in Las Vegas for an overnight stay.

12. Ms. Greene agreed to meet Mr. Wood in the lobby of the Downtown Grand Hotel & Casino where he was staying.

13. When Ms. Greene arrived at the hotel, Mr. Wood changed his mind about the lobby and decided that she should meet him in his room before they had dinner.

14. Ms. Greene went to Mr. Wood's room and once there, they agreed to walk along Fremont Street and look for a place to eat.

15. They decided to get dinner across the street from his hotel, where he then suggested they take the food back to his hotel room.

16. Mr. Wood and Ms. Greene took their food back to his hotel room and after they finished eating, Mr. Wood suggested that Ms. Greene spend the night.

17. Ms. Greene was hesitant to do this, but they began kissing and removing each other's clothes.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

18. Ms. Greene asked whether Mr. Wood had condoms, to which he replied, he "was already worked up" and didn't want to put his clothes on to go back downstairs to buy condoms.

19. At this point in the conversation, they discussed the last time Mr. Wood had been tested for STD's. He promised Ms. Greene that he did not have any STD's and was clean from any diseases, Ms. Greene reiterated that she did not want to engage in sexual activity without protection.

20. Mr. Wood attempted to sexually penetrate Ms. Greene but due to her uneasiness with the situation and the pain and discomfort she was experiencing, she told him to stop.

21. Mr. Wood suggested that Ms. Greene drink some alcohol to ease the pain, but did not want to order it to his room for fear that Frontier Airlines would find out.

22. In an attempt to distract Mr. Wood from further requests for intercourse, Ms. Greene attempted to engage in other activities not involving sexual penetration.

23. Nevertheless, Mr. Wood again attempted to sexually penetrate Ms. Greene. Once again she told him to stop.

24. Mr. Wood told Ms. Greene that they should continue, and callously responded to her complaints of discomfort by stating he simply needed to break her hymen and that she should "just grin and bear the pain and it would be over in a few seconds."

25. Mr. Wood yet again attempted to sexually penetrate Ms. Greene and she again told him to stop.

26. Despite her numerous requests to Mr. Wood that he stop, he instead engaged in repeated efforts to sexually penetrate Ms. Greene.

27. After these events took place, Ms. Greene reported the conduct to her employer, Frontier Airlines.

28. Her employer took insufficient action and Mr. Wood was allowed to remain employed with the airline where Ms. Greene was also working.

29. Frontier Airlines failure to take reasonable action to correct the above-mentioned conduct causing Ms. Greene to experience ongoing and severe emotional distress.

30. Ms. Greene was ultimately required to take substantial time off of work to attempt to recover from the traumatic experience.

31. As a direct and proximate result of the Defendants' conduct, Plaintiff received the injuries mentioned herein.

## **FIRST CLAIM FOR RELIEF**

(Assault)
As to Defendant Benjamin Wood

32. The Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

33. The Defendant by his actions described hereinabove, placed the Plaintiff in apprehension of immediate, harmful, offensive and sexual contact of her person by the Defendant.

34. Specifically, Mr. Wood used his position of power as a pilot over Ms. Greene to sexually assault her by attempting to sexually penetrate her despite her requests to stop.

35. The Defendant acted willfully, maliciously, oppressively, with reckless disregard of the Plaintiff's rights, and with deliberate intent to make harmful, offensive and sexual contact with the Plaintiff's person.

36. The Plaintiff was emotionally injured as a result of assault perpetrated by the Defendant upon her.

37. The Plaintiff is entitled to an award of compensatory damages in her favor and against the Defendant in an amount in excess of $15,000.00.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

38. For this cause of action, exemplary and punitive damages in an amount in excess of $15,000.00 should be awarded to punish the Defendant and to deter such conduct in the future.

39. It has become necessary for the Plaintiff to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

## **SECOND CLAIM FOR RELIEF**

(Battery)

As to Defendant Benjamin Wood

40. The Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

41. Defendant Wood attempted on multiple occasions, to sexually penetrate the Plaintiff after being told repeatedly to stop.

42. Defendant Wood attempted to sexually penetrate Ms. Greene with the knowledge that she did not consent, and therefore he knew, or should have known that it would result in harm to the Plaintiff.

43. Defendant Wood did indeed cause injuries to Ms. Greene when he committed battery by engaging in unwanted physical contact by attempting to sexually penetrate Ms. Greene.

44. The Plaintiff is entitled to an award of compensatory damages in her favor and against the Defendant in an amount in excess of $15,000.00.

45. For this cause of action, exemplary and punitive damages in an amount in excess of $15,000.00 should be awarded to punish the Defendant and to deter such conduct in the future.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

46. It has become necessary for the Plaintiff to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

### THIRD CLAIM FOR RELIEF
(Intentional Infliction of Mental and Emotional Distress)
As to Defendant Benjamin Wood

47. The Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

48. By his actions described hereinabove, the Defendant intentionally and/or recklessly subjected the Plaintiff to severe emotional distress.

49. The Defendant's actions were extreme and outrageous, and shocking to any reasonable mind as well as to the Plaintiff.

50. It was reasonably foreseeable that attempting to engage in sexual acts without consent would result in severe mental and emotional distress, which in this instance, did in fact occur.

51. The Plaintiff has required ongoing medical care to treat the injuries she sustained as a result of Defendant's conduct.

52. As a direct and proximate result of the Defendant's infliction of emotional distress, the Plaintiff has been damaged in an amount in excess of $15,000.00.

53. The Defendant's actions were oppressive, malicious, willful, intentional or done with reckless disregard of and callous indifference to the Plaintiff's rights and, as such, punitive damages in an amount in excess of $15,000.00 should be awarded to punish the Defendant and to deter such conduct in the future.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

54. Due to the Defendant's conduct, the Plaintiff was forced to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

### FOURTH CLAIM FOR RELIEF

(Intentional Infliction of Mental and Emotional Distress)

As to Defendant Frontier Airlines

55. The Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

56. Defendant Frontier Airlines had reason to know that Defendant Benjamin Wood's conduct was unlawful, and failed to take reasonable and necessary action to appropriately discipline its' employees.

57. Upon information and belief, Defendant Frontier Airlines failed to take sufficient action to appropriately investigate the allegations made by the Plaintiff, and therefore, did not take reasonable action against it's employee, Defendant Mr. Wood.

58. Defendant Frontier Airlines' failure to take reasonable and sufficient action regarding the situation described above resulted in severe emotional distress to the Plaintiff.

59. The Defendant's actions were extreme and outrageous, and shocking to any reasonable mind as well as to the Plaintiff.

60. It was reasonably foreseeable that failure to properly investigate the allegations of the Plaintiff, and allowing the Defendant, Mr. Wood to remain employed would result in severe mental and emotional distress, which in this instance, did in fact occur.

61. The Plaintiff has required ongoing medical care to treat the injuries she sustained as a result of Defendant's conduct.

62. As a direct and proximate result of the Defendant's infliction of emotional distress, the

Plaintiff has been damaged in an amount in excess of $15,000.00.

63. The Defendant's actions were oppressive, malicious, willful, intentional or done with reckless disregard of and callous indifference to the Plaintiff's rights and, as such, punitive damages in an amount in excess of $15,000.00 should be awarded to punish the Defendant and to deter such conduct in the future.

64. Due to the Defendant's conduct, the Plaintiff was forced to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

### FIFTH CLAIM FOR RELIEF
(Negligent Hiring and Supervision)
As to Defendant Frontier Airlines, Inc.

65. The Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

66. Defendant Frontier Airlines owed Ms. Greene a duty as employers to adequately hire and train qualified personnel and to adequately supervise their personnel in the performance of their jobs.

67. Defendant Frontier Airlines breached that duty of care by failing to adequately investigate the background of employees, and by failing to properly train said employees, and/or by failing to adequately supervise said employees in the performance of their jobs.

65. Defendant Frontier Airlines failure to hire qualified personnel, or otherwise properly train and/or supervise such employees proximately caused Plaintiff's injuries as alleged in this Complaint.

66. Further, Defendant Frontier Airlines failure to take appropriate disciplinary measures against Defendant Mr. Wood after they were made aware of the unlawful conduct resulted

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

*9 |Greene COMP*

in ongoing harm to the Plaintiff.

67. The Defendant's actions were oppressive, malicious, willful, intentional or done with reckless disregard of and callous indifference to the Plaintiff's rights and, as such, punitive damages in an amount in excess of $15,000.00 should be awarded to punish the Defendant and to deter such conduct in the future.

68. Due to the Defendant's conduct, the Plaintiff was forced to retain the services of an attorney in order to prosecute this action, and therefore is entitled to an award of reasonable attorneys' fees and costs of suit incurred herein.

**WHEREFORE**, Plaintiff is entitled to judgment in her favor and against Defendants, as follows:

1. For judgment in an amount in excess of $15,000.00;
2. For all costs and all attorneys' fees incurred and accrued in these proceedings;
3. For interest thereon at the legal rate until paid in full;
4. For punitive damages in an amount to be determined by this court; and
5. For such other and further relief as the Court may deem just and proper.

Dated this ___11___ of January, 2020.

KANG & ASSOCIATES, PLLC

PATRICK W. KANG, ESQ.
Nevada Bar No.: 010381
KYLE R. TATUM, ESQ.
Nevada Bar No.: 13264
KANG & ASSOCIATES, PLLC
6480 West Spring Mountain Road, Suite 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468
*Attorneys for Plaintiff*