ROGER GRANDGENETT, ESQ., Bar # 6323
AMY THOMPSON, ESQ., Bar # 11907
KELSEY STEGALL, ESQ., Bar #14279
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone:    702.862.8800
Fax No.:         702.862.8811
Email:  rgrandgenett@littler.com
            athompson@littler.com
            kstegall@littler.com

Attorneys for Defendant
FRONTIER AIRLINES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE GREENE,<br><br>            Plaintiff,<br><br>vs.<br><br>BENJAMIN WOOD, an Individual; and FRONTIER AIRLINES, INC., a Foreign Corporation; DOES 1 through 20, inclusive; ROE CORPORATIONS, 1 through 20, inclusive;<br><br>            Defendant. | Case No. 2:20-cv-00818-JAD-NJK<br><br>**DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO DISMISS** |

Plaintiff's Complaint lacks merit. Of the five claims Plaintiff alleges, two are against Frontier, and each of those claims warrant dismissal as a matter of law. Specifically, this case arises out of an alleged incident between Plaintiff and Defendant Wood that occurred entirely outside of their employment with Frontier. Now, Plaintiff asserts a claim for intentional infliction of emotional distress from Frontier's alleged failure to take sufficient action with respect to her delayed complaint about Defendant Wood, and Plaintiff claims that Frontier is liable for negligently hiring and supervising its employees because the investigation it conducted did not result in the way Plaintiff desired. Neither of these claims are meritorious and therefore, dismissal is warranted. Plaintiff's IIED claim against Frontier is posited on what she claims to be an inadequate investigation. This is neither

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

intentional nor cognizable under an IIED cause of action. Moreover, Plaintiff's negligent hiring and supervision claim is based on mere conclusory assertions, at best, with zero factual allegations about how Frontier breached any duty to Plaintiff with respect to its hiring or supervision of its employees. In any event, both of these claims are preempted by Nevada's worker's compensation statute. Accordingly, Frontier respectfully requests that the Court grant Frontier's Motion to Dismiss Plaintiff's Complaint and dismiss Plaintiff's claims against Frontier with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PLAINTIFF'S COMPLAINT

This Motion tests the legal sufficiency of the Complaint. Therefore, this summary of facts is based solely on the allegations contained in the Complaint and takes them as true. Frontier denies Plaintiff's contentions that it violated her rights in any way, and to the extent this matter proceeds, Frontier will vigorously defend this case.

In her Complaint, Plaintiff alleges the following facts: Plaintiff began work for Defendant on October 2016 as a flight attendant. (Compl. ¶ 10, ECF No. 1). Defendant Wood works for Frontier as a pilot. Plaintiff alleges that around February of 2018, Plaintiff received a text message from Defendant Wood inviting her to dinner while he was in Las Vegas for an overnight stay. (*Id.* ¶ 11). To be clear, all of Plaintiff's allegations occurred outside of both Plaintiff and Defendant Wood's employment with Frontier.

Plaintiff agreed to meet Defendant Wood at the hotel he was staying, and she met him in his hotel room before they ate dinner. (*Id.* ¶¶ 12-13). Together, Plaintiff and Defendant Wood went across the street to grab dinner, and they returned to Defendant Wood's hotel room to eat in the room. (*Id.* ¶¶ 15-16). Defendant Wood discussed with Plaintiff her staying the night. (*Id.* ¶ 16). Plaintiff and Defendant Wood then began to consensually kiss and remove each other's clothes. (*Id.* ¶ 17). Plaintiff and Defendant Wood began to engage in sexual relations. (*Id.* ¶¶ 18-26). Plaintiff then claims that "[d]espite her numerous requests to [Defendant Wood] that he stop," Defendant Wood engaged in "repeated efforts to sexually penetrate" Plaintiff. (*Id.* ¶ 26).

In September of 2018—more than 7 months after Plaintiff and Defendant Wood's relations

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

allegedly took place—Plaintiff made a complaint to Frontier asserting, for the first time, similar allegations as in her Complaint—namely that Defendant Wood assaulted her. Frontier then conducted a thorough investigation of Plaintiff's claims and not only concluded that all of the alleged conduct occurred outside of Plaintiff and Defendant Wood's employment with Frontier, but Frontier also did not find any merit to her allegations. Plaintiff does not allege anything further happened with Defendant Wood after Frontier's investigation—she does not even allege facts that she has seen Defendant Wood, worked with Defendant Wood, that Defendant Wood has attempted to contact her, nor has she alleged that she has suffered any further harm or injury from Defendant Wood. Because Frontier did not come to the conclusion that Plaintiff desired with its investigation, Plaintiff filed the instant lawsuit on January 31, 2020.

## II.   STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

A court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

3.

is liable for the misconduct alleged." *Id.*

## III. LEGAL ARGUMENT

Plaintiff's Complaint asserts five causes of action: (1) assault against Defendant Wood; (2) battery against Defendant Wood; (3) intentional infliction of mental and emotional distress ("IIED") against Defendant Wood; (4) intentional infliction of mental and emotional distress against Frontier; and (5) negligent hiring and supervision against Frontier. Each of Plaintiff's claims against Frontier should be dismissed as a matter of law.

### A. **Plaintiff's Fourth Claim for Relief for IIED against Frontier Fails as a Matter of Law.**

Plaintiff's IIED claim is meritless. In order to state this claim under Nevada law, a plaintiff must allege that (1) the defendant engaged in extreme and outrageous conduct with the intention of causing emotional distress or with reckless disregard for the plaintiff's emotional distress; (2) the plaintiff suffered severe or extreme emotional distress as a result; and (3) the defendant's actions were the proximate cause of plaintiff's emotional distress. *Jordan v. State*, 110 P.3d 30, 52 (Nev. 2005); *Trujillo v. Las Vegas Paving Corp.*, No. 2:08-CV-0936-RLH-LRL, 2010 WL 11578972, at *3 (D. Nev. Mar. 18, 2010). Liability for emotional distress does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Candelore v. Clark County Sanitation Dist.*, 752 F. Supp. 956, 962 (D. Nev. 1990), *aff'd*, 975 F.2d 588 (9th Cir. 1992). In order to maintain a claim for IIED against Frontier, Plaintiff must allege "serious emotional distress" causing physical injury or illness. *Oliver v. Lowe*, 995 P.2d 1023, 1026 (Nev. 2000). Indeed, the claim for IIED must allege conduct that goes beyond that of a run of the mill harassment or discrimination claim. *Roche v. Audio Visual Servs. Grp., Inc.*, No. 209-CV-01810-LDG-GWF, 2010 WL 3021575, at *2 (D. Nev. July 28, 2010).

Here, Plaintiff's allegations against Frontier do not amount to IIED—nor can they. Specifically, Plaintiff alleges that Frontier is liable for IIED because Frontier "failed to take sufficient action to appropriately investigate the allegations made by Plaintiff" and because of Frontier's "failure to take reasonable and sufficient action" regarding Plaintiff's alleged situation. (Compl. ¶¶ 57-58).

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Plaintiff's allegations against Frontier are devoid of any conduct that would amount to intentional conduct that is extreme or outrageous, as her assertion that Frontier "failed to take sufficient action to appropriately investigate" does not "go beyond all possible bounds of decency," is not "atrocious," and is not "utterly intolerable." *Hirschhorn v. Sizzler Restaurants Intern., Inc.*, 913 F. Supp. 1393, 1401 (D. Nev. 1995) ("Liability [under an IIED claim] is only found in extreme cases where actions of the defendants go beyond all possible bounds of decency, is atrocious and utterly intolerable."). Moreover, Plaintiff's allegations of emotional distress arising from Frontier's alleged failure to take action are insufficient as a matter of law to state an IIED claim. *See Eichenberger v. Falcon Air Exp. Inc.*, No. CV-14-00168-PHX-DGC, 2014 WL 3819355, at *3 (D. Ariz. Aug. 4, 2014) (applying an identical IIED standard and holding that the defendant employer's "failure to investigate and respond to [the plaintiff's] allegations of sexual harassment by a high-level manager" was not extreme and outrageous within the meaning of the IIED tort).

Notwithstanding the fact that Frontier *did* investigate Plaintiff's contentions, the allegations of IIED in Plaintiff's Complaint—which Frontier wholeheartedly contests—contain absolutely no facts about how Frontier acted with the requisite intent to cause harm to Plaintiff. Put another way, Plaintiff's IIED assertions against Frontier are founded on Frontier's alleged failure to take sufficient action, which is neither egregious nor an intentional action. (*See* Compl. ¶¶ 57-58). Because of this, none of Plaintiff's allegations against Frontier amount to any sort of intentional conduct, let alone conduct seeking to cause emotional distress.

Nor does Nevada law provide a cause of action for plaintiffs to allege direct infliction of emotional distress from conduct that was allegedly negligent. *See Kennedy v. Carriage Cemetery Serv., Inc.*, 727 F. Supp. 2d 925, 935 (D. Nev. 2010) (discussing *Schoen v. Amerco, Inc.*, 111 Nev. 735, 896 P.2d 469, 477 (Nev. 1995)); *Garcia v. Nevada Prop. 1, LLC*, No. 2:14-CV-1707-JCM-GWF, 2015 WL 67019, at *3 (D. Nev. Jan. 6, 2015). This is precisely what Plaintiff alleges here. Her IIED allegations against Frontier are that she suffered emotional distress because of Frontier's purported failure to take sufficient action, essentially alleging direct infliction of emotional distress from conduct that was allegedly negligent. This claim therefore fails as a matter of law.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Moreover, Plaintiff further fails to allege what "serious emotional distress" she has suffered, and how that serious emotional distress caused "physical injury or illness." *Oliver*, 995 P.2d at 1026. Nor does Plaintiff allege how Frontier caused any of the purported emotional distress in her conclusory allegations. Because Plaintiff's allegations against Frontier for IIED are not cognizable, and because there is no viable way for Plaintiff to reframe her claim under Nevada law, Plaintiff's IIED claim against Frontier must fail.

To the extent that Plaintiff might try to allege that Frontier is liable for Defendant Wood's purported conduct, this also fails. Frontier cannot be liable for the IIED conduct that Plaintiff alleges against Defendant Wood. Pursuant to Nevada Revised Statute § 41.745(1), an employer is not liable for its employee's intentional tort if: (1) the employee's conduct was an "independent venture;" (2) the employee's conduct was not committed in the course of his or her assigned tasks; and (3) the employee's conduct was not reasonably foreseeable in light of the nature and scope of his employment. NRS 41.745; *see also Jarvis v. City of Mesquite Police Dep't*, No. 2:09-CV-00851-PMP, 2012 WL 600804, at *4 (D. Nev. Feb. 23, 2012), *aff'd sub nom. Cloes v. City of Mesquite*, 582 F. App'x 721 (9th Cir. 2014). An employee's conduct is reasonably foreseeable "if a person of ordinary intelligence and prudence could have reasonably anticipated the conduct and the probability of injury." NRS 41.745(1).

Here, all of the conduct that Plaintiff alleges against Defendant Wood occurred outside the course of their assigned tasks and outside the scope of their employment. Plaintiff even admits this fact, as the foundation of her allegations occur in the evening at Defendant Wood's hotel room—while both Plaintiff and Defendant Wood were off work—eating and drinking alcohol. (*See, e.g.*, Compl. ¶¶ 12-21). Plaintiff does not even allege that she ever worked **with** Defendant Wood or was on the same flight as Defendant Wood. Because of this, any relations Plaintiff alleges occurred between her and Defendant Wood were independent ventures that did not occur in the course of either of their assigned tasks. Accordingly, Frontier cannot be liable for the conduct Plaintiff alleges against Defendant Wood, and the Court should dismiss Plaintiff's IIED claim against Frontier with prejudice.

6.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

### B. Plaintiff's Fifth Cause of Action against Frontier for Negligent Hiring and Supervision Fatally Fails to State a Claim upon Which Relief Can be Granted.

Plaintiff also fails to sufficiently plead a claim for negligent hiring and supervision. In order to maintain a claim for negligent hiring or supervision in Nevada, a plaintiff must allege that her employer breached its duty to properly hire or supervise its employees. *Burnett v. C.B.A. Sec. Serv., Inc.*, 820 P.2d 750 (Nev. 1991); *Colquhoun v. BHC Montevista Hosp., Inc.*, No. 2:10-CV00144-RLH-PAL, 2010 WL 2346607, at *3 (D. Nev. June 9, 2010). Therefore, a plaintiff must plead "(1) a general duty on the employer to use reasonable care in the hiring . . . and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation." *Reece v. Republic Servs., Inc.*, No. 2:10–cv–00114–GMN–RJJ, 2011 WL 868386, at *11 (D. Nev. Mar. 10, 2011).

"Claims for negligent [hiring] and supervision are based upon the premise that an employer should be liable when it places an employee, who it knows or should have known behaves wrongfully, in a position in which the employee can harm someone else." *Cummings v. United Healthcare Servs., Inc.*, No. 2:13-CV-00479-APG, 2014 WL 1302029, at *9 (D. Nev. Mar. 31, 2014). To that end, "courts consider whether antecedent circumstances would 'give[ ] the employer reason to believe that the person, by reason of some attribute of character or prior conduct, would create an undue risk of harm to others in carrying out his or her employment responsibilities.'" *Id.*

In her Complaint, Plaintiff merely alleges the bare elements of the claim: that Frontier "owed [Plaintiff] a duty as employers [sic] to adequately hire and train qualified personnel and to adequately supervise their personnel in the performance of their jobs." (Compl. ¶ 66). Plaintiff contends that Frontier "breached that duty of care by failing to adequately investigate the background of employees, and by failing to properly train said employees, and/or by failing to adequately supervise said employees in the performance of their jobs." (*Id.* ¶ 67). However, Plaintiff asserts no facts whatsoever about Frontier's background check process, training or supervision, or how these were somehow insufficient. Nevertheless based on pure conjecture with zero factual basis, Plaintiff concludes, "[Frontier's] failure to hire qualified personnel, or otherwise properly train and/or supervise such employees proximately caused Plaintiff's injuries as alleged in this Complaint." (*Id.* at 9:21-23).

7.

These allegations are not only conclusory, but are also insufficient.  First and foremost, the conduct that employees engage in outside of their employment does not give rise to a negligent hiring and supervision claim, as there is nothing related to hiring or supervision when the employee is outside the scope of his or her employment, as is the case here.  Notwithstanding this, Plaintiff must allege specific facts indicating how Frontier violated this duty.  Plaintiff's allegations only amount to the contention that Frontier took "insufficient action and Mr. Wood was allowed to remain employed with the airline where [Plaintiff] was also working."  (Compl. ¶ 28).  Essentially, the basis for Plaintiff's negligent hiring and supervision claim is that she seemingly believes Frontier was negligent in not terminating Defendant Wood for conduct they engaged in outside of work, as she wished.  This is not cognizable under a theory of negligent training and supervision.

Moreover, Plaintiff fails to allege which personnel were not qualified and which personnel were not adequately supervised "in the performance of their jobs."  Plaintiff fails to allege facts suggesting how Frontier was negligent in its hiring or supervision of employees, and she fails to allege what training was not (or was) provided and what steps were not taken in the investigation that amount to negligence.  In fact, even including her allegations against Defendant Wood, Plaintiff fails to identify a single Frontier employee where "antecedent circumstances" existed that would give Frontier reason to believe an undue risk of harm to others existed by virtue of that employee carrying out his duties.

Similarly, Plaintiff also fails to allege any past acts by any employee at issue that should have been discovered prior to the employee being hired by Frontier.  Absent allegations of this nature, Plaintiff's conclusory allegations fail to state a claim.  *See Calove v. Nationstar Mortg., LLC*, No. 2:14-CV-01329-JAD, 2015 WL 4508751, at *3 (D. Nev. July 24, 2015) (holding that the plaintiff did not plead any facts establishing that the defendant "owed [her] a duty of care, as [s]he does not name specific employees, does not identify the alleged incompetence, or otherwise describe the conduct giving rise to the cause of action.") (citation omitted); *Zambrano v. Cardenas Markets, Inc.*, No. 2:16-CV-01659-GMN-NJK, 2017 WL 3469272, at *2 (D. Nev. Aug. 10, 2017) (holding that legal conclusions couched as factual allegations are insufficient to support negligent hiring, training, and

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

retention claim where no allegations of negligence background check or that defendant knew or should have known employees had dangerous or negligent propensities existed); *Shaw v. NP Santa Fe, LLC*, No. 2:18-CV-515-JCM-PAL, 2018 WL 6419293, at *4 (D. Nev. Dec. 6, 2018).

Indeed, Plaintiff does not allege that Frontier failed to investigate her allegations—as it did conduct an investigation—but rather she alleges that, pursuant to her standards, the investigation was not "adequate." Plaintiff remains silent in how the investigation was inadequate, other than indicating that she believed Frontier failed to take "appropriate" disciplinary measures against Defendant Wood for the conduct that Plaintiff and Defendant engaged in outside of their employment with Frontier. Not only is this irrelevant, but also it is meritless to her underlying claim of negligent hiring and supervision.

Ultimately, Plaintiff's negligent hiring and supervision claim fails. She neither pleads that Frontier knew that Defendant Wood allegedly would behave wrongfully nor does she plead that Frontier should have known about Defendant Wood's outside-of-work conduct of which Plaintiff alleges. And, Plaintiff fails to allege anything further happened with Defendant Wood after Frontier's investigation—she does not even allege facts that she has seen Defendant Wood, worked with Defendant Wood, that Defendant Wood has attempted to contact her, nor has she alleged that she has suffered any further harm or injury as a result of conduct by Defendant Wood. Accordingly, Plaintiff's negligent hiring and supervision claim fails as a matter of law.

### C. Both of Plaintiff's Claims against Frontier are Preempted by Nevada's Workers' Compensation Statute.

In addition to being fatally deficient, Plaintiff's fourth counterclaim for IIED and fifth counterclaim for negligent hiring and supervision should be dismissed because they are preempted. In enacting the NIIA, the Nevada legislature created a comprehensive system of compensation for employees who are injured on the job. Under this system of workers' compensation, the employer is relieved of all liability for accidental injuries arising out of and in the course of employment, including stress-related injuries. *See* NRS 616A.020(1)-(2); 616B.612(4); and 616C.180(1).

Plaintiff cannot succeed on her IIED and negligent hiring and supervision claims because they

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

are barred by the NIIA. Indeed, it is well established in Nevada that the terms and conditions of the NIIA provide the exclusive remedy to any employee who is negligently injured in the course and scope of her employment. *Conway v. Circus Circus Casinos*, 116 Nev. 870, 874 (2000) (holding that the exclusive remedy provision of NIIA barred plaintiff's negligence and other common law tort claims including claim for intentional infliction of harm); *see also Russo v. Clearwire US, LLC*, No. 2:12-CV-01831-PMP, 2013 WL 1855753 at *8 (D. Nev. April 30, 2013) (dismissing a negligent training and supervision claim because it was barred by the exclusive remedy provision of the NIIA); *Young v. Zappos.com, Inc.*, No. 2:08-CV-741 JCM (PAL), 2010 WL 1612140 at *5 (D. Nev. April 19, 2010) (finding negligent hiring, training, and supervision claim, IIED, and NIED claims were barred by the NIIA).

In *Conway v. Circus Circus Casinos, Inc.*, the Supreme Court of Nevada explained that while the exclusive remedy provided by the workers' compensation statutes does not provide immunity to employers who commit intentional torts against their employees, an employee must allege that their employer specifically and deliberately intended to injure them in order to avoid being required to seek workers' compensation benefits for an alleged injury. 116 Nev. at 840; *see Sweeping Servs. of Texas, LP v. Eighth Judicial Dist. Court of State,ex rel. Couty of Clark*, 373 P.3d 966 (Nev. 2011); *see also Fanders v. Riverside Resort & Casino*, 245 P.3d 1159, 1164 n. 3 (Nev. 2010) (noting that the workers' compensation system provides the sole remedy for claims alleging negligent conduct causing injuries that arise out of and in the course of employment). As the *Conway* court noted, "'knowingly permitting a hazardous work condition to exist, . . . [or] willfully failing to furnish a safe place to work . . . still falls short of the kind of actual intention to injure that robs the injury of accidental character.'" 116 Nev. at 875, 8 P.3d at 840 (quoting *Austin v. Johns Manville Sales Corp.*, 508 F. Supp. 313, 317 (D. Maine 1981)) (emphasis added); *see Young v. Zappos.com, Inc.*, No. 2:08-CV-741 JCM (PAL), 2010 WL 1612140 at *5 (D. Nev. April 19, 2010) (finding IIED claim was barred by the NIIA). "Simply labeling an employer's conduct as intentional . . . will not subject the employer to liability outside workers' compensation." *Id.* at 840.

Plaintiff's allegations surrounding her IIED claim and negligent hiring and supervision claim

10.

against Frontier only amount to contending that Frontier acted negligently in its handling of an investigation—which is patently false. Regardless, it remains that Plaintiff fails to allege any conduct by Frontier that amounts to anything beyond negligence. Therefore, Plaintiff's allegations against Frontier fall within the coverage of the NIIA, and her claims are barred by NRS 616A.020.

## IV. CONCLUSION

Pursuant to the foregoing, Frontier respectfully requests that the Court dismiss the entirety of Plaintiff's Complaint with prejudice.

Dated: May 13, 2020

                                            Respectfully submitted,

*/s/ Kelsey Stegall*
ROGER GRANDGENETT, ESQ.
AMY THOMPSON, ESQ.
KELSEY STEGALL, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
FRONTIER AIRLINES, INC.

11.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800