Ross C. Goodman, Esq.
Nevada Bar No. 7722
GOODMAN LAW GROUP, P.C.
520 S. Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088
Email:  ross@rosscgoodman.com

Attorney for Defendant
BENJAMIN WOOD

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE GREENE, an individual,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>BENJAMIN WOOD, an individual; and FRONTIER AIRLINES, INC., a Foreign Corporation; DOES 1 through 20, inclusive; ROE CORPORATIONS, 1 through 20, inclusive;<br><br>　　　　　　　Defendants. | Case No. 2:20-cv-00818-JAD-NJK<br><br>**DEFENDANT WOOD'S MOTION TO DISMISS OR MOTION FOR MORE DEFINITE STATEMENT** |

Plaintiff misrepresented the date of the alleged misconduct to avoid the expiration of the two-year statute of limitations.  Instead, Plaintiff blithely alleged the complained-of-conduct occurred in early February 2020 in a misguided attempt to obfuscate the statute of limitations defense.  This fact is simple and undisputed as the text she refers to in the Complaint and incorporated by reference shows that the parties met in Las Vegas on January 20, 2018.  These texts in early February shows Plaintiff had a "great time" in Las Vegas after which she wanted to pursue an exclusive relationship and refers to "that night in Las Vegas."  Plaintiff filed the Complaint on January 31, 2020 outside of the two-year statute of limitations.  These claims against

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

Defendant Wood therefore fails as a matter of law.

Accordingly, Defendant Wood respectfully requests that the Court grant the Motion to Dismiss for violating the two-year statute of limitations and dismiss Plaintiff's claims against Defendant Wood with prejudice or, in the alternative, require Plaintiff to give a more definite statement with respect to the date.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### STATEMENT OF FACTS

This Motion tests the legal sufficiency of the Complaint. Therefore, this summary of facts is based solely on the allegations contained in the Complaint and takes them as true. Defendant Wood denies Plaintiff's contentions that he committed misconduct in any way which is flatly contradicted by the text message Plaintiff refers to in the Complaint and is central to these claims.

In her Complaint, Plaintiff alleges that she and Defendant were in Las Vegas for an overnight stay. (Compl. ¶¶11-26, ECF No. 1). Plaintiff is a flight attendant and Defendant works for Frontier as a pilot. (*Id.* ¶¶10-11). Plaintiff received a text message from Defendant around February of 2018 inviting her to dinner. (*Id.* ¶ 11). Plaintiff went to Defendant's hotel room at the Grand Hotel where they engaged in consensual kissing and removing their clothes. (*Id.* ¶¶ 11, 17). Plaintiff and Defendant began to engage in sexual relations. (*Id.* ¶¶ 18-26). Plaintiff then claims that "[d]espite her numerous requests to [Defendant] that he stop," Defendant Wood engaged in "repeated efforts to sexually penetrate" Plaintiff. (*Id.* ¶ 26). In September of 2018, Plaintiff filed a complaint with Frontier asserting for the first time - more than 7 months later - similar allegations as in her Complaint.

The misconduct alleged in the Complaint occurred on the date Plaintiff "received a text message" from Defendant Wood. (Compl. ¶¶11, ECF No. 1). In her Complaint, she alleges this

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

meeting took place in "Las Vegas" on an "overnight stay" at the "Downtown Grand Hotel & Casino." (*Id.* ¶¶11-12).   However, the text message describing these factual allegations shows the parties met on January 20, 2018 not in early February 2018.  The text is "integral" to the essence of the complaint and must be considered in assessing whether the complaint meets the standard of Fed. R. Civ. P. 12(b)(6).  In reading the complaint in its entirety when considering these texts three things are clear: (1) the parties met on January 20, 2018 making the claims indisputably time-barred; (2) confirm the parties did not meet in early February; and (3) there was consensual contact after which Plaintiff wanted to pursue an exclusive relationship.

## II.

## LEGAL ARGUMENT

**A.  Standard of Review**

A claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) will be granted if the plaintiff can prove no set of facts that would support a claim for relief.  *Parks Sch, of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Courts must take the plaintiffs allegations as true and construe disputed facts in the light most favorable to the plaintiff. Id.

A court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Additionally, Rule 12(e) provides, in relevant part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for a more definite statement is only appropriate where the allegations are sufficiently unintelligible that a "defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1461 (C.D.Cal.1996) (*citing Boxall v. Sequoia Union High Sch. Dist.,* 464 F.Supp. 1104, 1114 (N.D.Cal.1979)).

**B.  The Court May Consider Documents Integral to Claims on a Motion to Dismiss**

In ruling on motion to dismiss for failure to state cause of action, court may take judicial notice of matters of public record and consider documents referred to in complaint and central to claim, as well as documents attached to the motion to dismiss. Fed. R. Civ. P. 12(b)(6); Fed. R. Evid. 201.

Under the separate incorporation by reference doctrine, a court may consider documents attached to a motion to dismiss if those documents are: (1) referenced in the complaint, (2) central to the plaintiff's claim, and (3) of unquestioned authenticity by the parties.[1] *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006); *Baxter v. Dignity Health,* 131 Nev. ––, ––, 357 P.3d 927, 930 (2015) (the district court can consider documents outside of the pleadings, but which were mentioned within them, to dispose of a motion to dismiss under NRCP 12(b)(5) without converting into a motion for summary judgment); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508

---

[1] Even if the district court's consideration of the attachment did convert this motion to dismiss into a motion for summary judgment the result would be the same because the date of the alleged misconduct falls outside of the statute of limitations.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

F.3d 327, 335 (6th Cir. 2007)) (court may consider documents integral to claims on motion to dismiss) (emphasis added); *Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir. 1997) (court may consider documents not attached to complaint "if they are referred to in the plaintiff's complaint and are central to her claim"); see also 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1327 (4th ed. 2019) ("when the plaintiff fails to introduce a pertinent document as part of her pleading, the defendant may be permitted to introduce the document as an exhibit to a motion attacking the sufficiency of the pleading if the plaintiff has referred to the item in the complaint and it is central to the affirmative case").

The text referred in the Complaint describing the Las Vegas allegations was sent on January 20, 2018. (Compl. ¶¶11-12, ECF No. 1). Specifically, Plaintiff states:

> BW: K. I'm heading to room 1736. I'm gonna change. Meet me there instead
>
> NG: Okay, I'm on my way up
>
> BW: Did you have fun last night? I wish Id had time to walk you to your car . . .
>
> NG: Aww, you're so sweet. Yeah, I always have a great time hanging out with you. I wish we could talk things further, but I'll see what I can do about it.

*See* Text Messages attached as Exhibit 1.

Contrary to her allegations of assault, battery and IIED, Plaintiff acknowledged in early February that she had a "great time" in Las Vegas asking if they were more than "friends":

> NG: "Do you even want to be friends with me? Or are you just using me until a better girl comes along?
>
> BW: I'm at work right now, but where did that come from? Do you feel used?
>
> NG: Alright, well I'm not going to bother you at work. But yes, I do

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

1

2   BW: Ok, then I sincerely apologize for making you feel that way. I think what you are looking for is not the same as what I am looking for.

3

4   NG: What is it that you're looking for?

5   BW: I am now interested in friendship or if you rather avoid me I understand

6

7   NG: No, I don't want to avoid you. I want friendship too.

8   See Exh. 1 (2-2-18).

9   NG: Hey, sorry I got upset the other day. I really hope you're doing well. How's your sister and baby?

10

11   BW: No worries. My sister is great and very happy being a mom

12   NG: That's good to hear. So I went to an OBGYN this morning thinking I would get some answers, but he said everything seemed normal. So now I'm really discouraged

13

14

15   BW: Normal is good

16   NG Yeah, that's true. But I was hoping he could give me answers as to why you and I keep having problems. ***Putting it bluntly, my hymen is already torn. If you want to try again, maybe we can use alcohol***.

17

18

19   See Exh. 1 (2-9-18).

20   Correct me if I'm wrong, but I feel like you're upset because ***I accused you of using me*** and ***I'm really, really sorry because I feel like I ruined everything***. I just want you to understand things from my perspective. ***You were my first everything, so naturally, I wanted more than just friendship***. And when you told me ***that night*** in Las Vegas that you didn't feel the same way, I was disappointed and upset. But I've come to terms with how you feel and I really want things to go back to normal because I don't like the way things are right now. ***I totally understand that you don't want to be in a relationship and I respect that. I just can't handle you being upset with me and not responding to me because you are so special to me***.

21

22

23

24

25

26

27   See Exh. 1 (2-11-18).

28

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

The text is "integral" to the essence of the complaint and must be incorporated into the complaint by reference. There is no dispute that the text shows the parties met in Las Vegas on January 20, 2018 - outside of the statute of limitations. Likewise, it shows the parties engaged in consensual relations after which Plaintiff was seeking a more exclusive relationship.

**C.  Plaintiff's Claims are Time-Barred Under the 2-Year Statute of Limitations**

Plaintiff's Complaint asserts three causes of action against Defendant Wood: (1) assault; (2) battery; and (3) intentional infliction of mental and emotional distress ("IIED"). Each of Plaintiff's claims against Defendant Wood should be dismissed as a matter of law.

A statute-of-limitations defense, if "apparent from the face of the complaint," may properly be raised in a motion to dismiss. *Conerly v. Westinghouse Elec. Corp.,* 623 F.2d 117, 119 (9th Cir.1980). "We accept as true all well-pleaded allegations of material fact" but are not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels–Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir.2010).

A statute of limitations argument may be raised at the motion to dismiss stage, and "a district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred." *Burns v. United States,* 762 F. App'x 338, 339 (Mem.) (7th Cir. 2019) (*citing Small v. Chao,* 398 F.3d 894, 898 (7th Cir. 2005)); *see Amin Ijbara Equity Corp. v. Vill. of Oak Lawn,* 860 F.3d 489, 492 (7th Cir. 2017) ("[D]ismissal at this early stage is appropriate when the complaint alleges facts sufficient to establish that the suit is indeed tardy.").

There is no question that the text referred to in the Complaint described events from a Las Vegas overnight stay on January 20, 2018. The Court is not required to accept as true the allegation that the meeting occurred in "early" February when it is flatly contradicted by the text attached as

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

Exhibit 1. There is a two-year statute of limitation for assault, battery and intentional infliction of emotional distress ("IIED"). *See* NRS 11.190(4)(c). Specifically, NRS 11.190(4)(c) applies to "an action for libel, slander, *assault, battery,* false imprisonment or seduction and NRS 11.190(4)(d) applies to "an action to recover damages for *injuries to a person* or for the death of a person caused by the *wrongful act* or neglect of another."

Plaintiff misrepresented the date as early February because she knew that the factual allegations giving rise to the tort claims were indisputably time-barred. The Court is permitted to determine compliance with the statute of limitations at this motion to dismiss stage. There are no conceivable set of facts that would defeat a statute-of-limitations defense when considering the text message at the center of these allegations occurred on January 20, 2018 and the Complaint was not filed until January 31, 2020.

### III.
### CONCLUSION

Pursuant to the foregoing, Defendant Wood respectfully requests that the Court dismiss the entirety of Plaintiff's Complaint with prejudice.

Dated: May 14, 2020

Respectfully submitted,

GOODMAN LAW GROUP, P.C.

 /s/ *Ross C. Goodman, Esq.*
ROSS C. GOODMAN, ESQ.
Nevada Bar No. 7722
520 S. Fourth Street, Second Floor
Las Vegas, Nevada 89101

Attorney for Defendant
BENJAMIN WOOD

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May 2020 I electronically filed the above and foregoing **Defendant Wood's Motion to Dismiss or Motion for More Definite Statement** using the CM/ECF system which will send notice of electronic filing to all CM/EFC registrants.

                                  _/s/ Tiffanie Johannes_
                              Employee of Goodman Law Group, P.C.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088