Ross C. Goodman, Esq.
Nevada Bar No. 7722
GOODMAN LAW GROUP, P.C.
520 S. Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088
Email:  ross@rosscgoodman.com

Attorney for Defendant
BENJAMIN WOOD

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE GREENE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN WOOD, an individual; and FRONTIER AIRLINES, INC., a Foreign Corporation; DOES 1 through 20, inclusive; ROE CORPORATIONS, 1 through 20, inclusive;<br><br>Defendants. | Case No. 2:20-cv-00818-JAD-NJK<br><br>**DEFENDANT WOOD'S MOTION FOR RULE 11 SANCTIONS** |

Defendant BENJAMIN WOOD ("Defendant"), by and through undersigned counsel, files this Motion for Rule 11 sanctions against Plaintiff NICOLE GREENE ("Plaintiff") and her Firm.

/ / /

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

This motion is based upon the following memorandum of points and authorities, the pleadings and papers on file, the exhibits, and any oral argument of counsel to be made at the time of the hearing.

Dated this 1st day of June 2020.

Respectfully submitted,

GOODMAN LAW GROUP, P.C.

  /s/ *Ross C. Goodman, Esq.*
ROSS C. GOODMAN, ESQ.
Nevada Bar No. 7722
520 S. Fourth Street, Second Floor
Las Vegas, Nevada 89101

Attorney for Defendant
BENJAMIN WOOD

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The parties met while working for Frontier Airlines and had a consensual overnight stay at the crew hotel in Las Vegas, Nevada on January 20, 2018. The next morning Plaintiff texts "Aww, you're so sweet. Yeah, I always have a great time hanging out with you. I wish we could talk things further, but I'll see what I can do about it." The parties did not physically see each other after that night in Las Vegas in mid-January 2018. Plaintiff laments to Defendant "You were my first everything, so naturally, I wanted more than just friendship. And when you told me *that night in Las Vegas* that you didn't feel the same way, I was disappointed and upset."

The flight itinerary shows that Defendant did not fly back into Las Vegas after that night through February 2018 and the text messages in February proves that they were not with each other or in Las Vegas. Nonetheless, Plaintiff and counsel ignored these text messages and filed the Complaint on January 31, 2018 and misrepresented the date of the Las Vegas trip as "early"

February to avoid the two-year statute of limitations.

It is evident that this action was designed solely to harass, cause embarrassment and danger to Defendant's reputation. The Complaint is factually baseless, time-barred and filed for an improper purpose warranting Rule 11 sanctions and attorney's fees to remedy this abuse of the legal system.

## II.
## STATEMENT OF FACTS

Plaintiff filed this lawsuit alleging three causes of action against Defendant Benjamin Wood for: (1) assault; (2) battery; and (3) intentional infliction of emotional distress ("IIED"). Plaintiff alleges that the claims giving rise to the action resulted from an overnight stay at a hotel in Las Vegas Nevada. *See* Compl. §§11-26. Plaintiff is a flight attendant and Defendant is a pilot for Frontier Airlines. *See* Compl. §§10-11. They were both in Las Vegas on an "overnight stay" at the Grand Hotel in "early" February. *See* Compl. §§11-12. Defendant went to Plaintiff's hotel room. *See* Compl. §§16.

Contrary to these allegations, the text message describing the meeting in Las Vegas at the Grand Hotel was sent on January 19-20, 2018 and not in "early" February. *See* Text Messages attached as Exhibit 1. Plaintiff acknowledged that she a "great time" after leaving Defendant's hotel room:

> BW: K. I'm heading to room 1736. I'm gonna change. Meet me there instead
>
> NG: Okay, I'm on my way up
>
> BW: Did you have fun last night? I wish Id had time to walk you to your car . . .
>
> NG: Aww, you're so sweet. Yeah, I always have a great time hanging out with you. I wish we could talk things further, but I'll see what I can do about it.

Page 3 of 9

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

*See* Exh. 1.

      Further, the flight itinerary shows that Defendant did not fly back into Las Vegas after that mid-January night through February 2018. *See* Frontier Airlines Flight Itinerary attached as Exhibit 2. and the text messages in February proves that they were not with each other or in Las Vegas. It is no surprise that the text messages in "early" February also confirm the parties were not in Las Vegas. On February 2, 2018, the parties have this exchange:

> NG: "Do you even want to be friends with me? Or are you just using me until a better girl comes along?"
>
> BW: I'm at work right now, but where did that come from? Do you feel used?
>
> NG: Alright, well I'm not going to bother you at work. But yes, I do
>
> BW: Ok, then I sincerely apologize for making you feel that way. I think what you are looking for is not the same as what I am looking for.
>
> NG: What is it that you're looking for?
>
> BW: I am now interested in friendship or if you rather avoid me I understand
>
> NG: No, I don't want to avoid you. I want friendship too.

*See* Exh. 1.

      In stark contrast to non-consensual contact, Plaintiff was seeking to be more than just friends. In addition, Plaintiff one week later is proposing sex as reflected in the following text message from February 9, 2018:

> NG: Hey, sorry I got upset the other day. I really hope you're doing well. How's your sister and baby?
>
> BW: No worries. My sister is great and very happy being a mom

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

> NG: That's good to hear. So I went to an OBGYN this morning thinking I would get some answers, but he said everything seemed normal. So now I'm really discouraged
>
> BW: Normal is good
>
> NG Yeah, that's true. But I was hoping he could give me answers as to why you and I keep having problems. ***Putting it bluntly, my hymen is already torn. If you want to try again, maybe we can use alcohol***.

Despite Plaintiff referencing "hymen" and "alcohol", Plaintiff falsely alleges that Defendant suggested that Defendant drink alcohol and "callously" responded that he needed to "break her hymen." *See* Compl. §§21, 24.

On February 11, 2018, Plaintiff laments her relationship with Defendant is only as friends and nothing more involved:

> Correct me if I'm wrong, but I feel like you're upset because ***I accused you of using me*** and ***I'm really, really sorry because I feel like I ruined everything***. I just want you to understand things from my perspective. ***You were my first everything, so naturally, I wanted more than just friendship***. And when you told me ***that night*** in Las Vegas that you didn't feel the same way, I was disappointed and upset. But I've come to terms with how you feel and I really want things to go back to normal because I don't like the way things are right now. ***I totally understand that you don't want to be in a relationship and I respect that. I just can't handle you being upset with me and not responding to me because you are so special to me***.

Many months later, Plaintiff further reveals on June 28, 2018 that she was in "bad place", "felt ashamed" for "developing feelings" and that she felt like a failure "once ***you realized we weren't going to be able to have sex, you started distancing yourself from me.***"

Because the Complaint was time-barred and the substantive allegations false, Defendant served Plaintiff's counsel with a Rule 11 letter on May 8, 2020 demanding dismissal of the Complaint. Nonetheless, Plaintiff and counsel refused to dismiss the Complaint. *See* Exh. 3.

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

# III.
# ARGUMENT

### A. Legal Standard

Rule 11(b) provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)-(3).

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is well grounded in fact, legally tenable, and not interposed for any improper purpose." *Islamic Shura Council of S. Cal. v. Federal Bureau of Investigation,* 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (internal quotation marks omitted). "One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, [thereby] avoid[ing] delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotation marks omitted; first alteration added).

"Among other grounds, a district court may impose Rule 11 sanctions if a paper filed with the court is for an improper purpose, or if it is frivolous." *G.C. & K.B. Invs., Inc. v. Wilson,* 326 F.3d 1096, 1109 (9th Cir. 2003). "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ.

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

P. 11(c)(1). When "a complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin,* 425 F.3d 671, 676 (9th Cir. 2005) (internal quotation marks omitted). "As shorthand for this test, [courts] use the word 'frivolous' to denote a filing that is both baseless and made without a reasonable and competent inquiry." Id. (internal quotation marks and emphasis omitted). "[T]he mere existence of one non-frivolous claim in a complaint does not immunize it from Rule 11 sanctions." *Id.* at 677 (internal quotation marks omitted).

### B. All of Plaintiff's Claims are Time-Barred

The claim for assault, battery and intentional infliction of emotional distress ("IIED") is barred by the two-year statute of limitations.[1] *See* NRS 11.190(4)(c). Specifically, NRS 11.190(4)(c) applies to "an action for libel, slander, **assault, battery,** false imprisonment or seduction and NRS 11.190(4)(d) applies to "an action to recover damages for **injuries to a person** or for the death of a person caused by the **wrongful act** or neglect of another."

Further, a statute-of-limitations defense, if "apparent from the face of the complaint," may properly be raised in a motion to dismiss. *Conerly v. Westinghouse Elec. Corp.,* 623 F.2d 117, 119 (9th Cir.1980). "We accept as true all well-pleaded allegations of material fact" but are not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels–Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir.2010).

Plaintiff alleges that the claims giving rise to this action resulted from an overnight stay at a hotel in Las Vegas Nevada in "early" February is flatly contradicted by her text messages. The

---

[1] The causes of action against Defendant Wood is time-barred and will be the subject of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

text messages describing the overnight stay occurred on January 19-20, 2018. Nonetheless, Plaintiff deliberately changed the date from the known mid-January timeframe to "early" February to avoid the obvious problem that the Complaint filed on January 31, 2020 was right inside of the statute of limitation expiring resulting in a baseless and frivolous filing.

The text messages clearly show that the parties engaged in consensual contact on January 20, 2018. Plaintiff's counsel should have undertaken a reasonable inquiry to determine these claims were time-barred by the two-year statute of limitations. *See Cervantes Orchards & Vineyards, LLC v. Deere & Co.,* 731 F. App'x 570, 573 (9th Cir. 2017) (affirming district court's imposition of Rule 11 sanctions and noting that claims were frivolous where they "were plainly barred by applicable statutes of limitations."). Here, it cannot be disputed that the Complaint is not well grounded in fact and was made without reasonable and competent inquiry prior to filing.

Under the circumstances, this Court should find Plaintiff's filing of this Complaint was frivolous and filed for an improper purpose of harassing and embarrassing Defendant, thus warranting sanctions against Plaintiff and her firm jointly. *See  G.C. & K.B. Investments,* 326 F.3d at 1109 ("a district court may impose Rule 11 sanctions if a paper filed with the court is for an improper purpose, or if it is frivolous"); Fed. R. Civ. P. 11(c)(1) ("Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.").

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088

## IV.

## CONCLUSION

Based on the foregoing, Defendant requests the Court enter an order of sanctions against Plaintiff and her firm and award reasonable attorney's fees, costs and expenses incurred in filing this motion.

Dated this 1st day of June 2020.

Respectfully submitted,

GOODMAN LAW GROUP, P.C.

  /s/ Ross C. Goodman, Esq.
ROSS C. GOODMAN, ESQ.
Nevada Bar No. 7722
520 S. Fourth Street, Second Floor
Las Vegas, Nevada 89101

Attorney for Defendant
BENJAMIN WOOD

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June 2020 I electronically filed the above and foregoing **Defendant's Motion for Rule 11 Sanctions** using the CM/ECF system which will send notice of electronic filing to all CM/EFC registrants.

  /s/ Tiffanie Johannes
Employee of Goodman Law Group, P.C.

Goodman Law Group
A Professional Corporation
520 S. Fourth St., 2nd Fl.
Las Vegas, Nevada 89101
(702) 383-5088